"UNDER SEAL"

FILED
CHARLOTTE, NC

SEP 15 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **SEALED** |
| | : | 4:26mj419 |
| **v.** | : | **Case No.** 3:26-CR-196-KDB |
| | : | |
| **NATASHA RENEE GIBBS** | : | **In violation of:** |
| | : | **18 U.S.C. § 922(a)(6)** |
| | : | **18 U.S.C. § 933(a)** |

**RECEIVED**
**UNITED STATES MARSHAL**
**3:18 pm, Sep 15 2026**
**WESTERN NORTH CAROLINA**
**CHARLOTTE**

**INDICTMENT**

**COUNT ONE**

**False Statement During the Purchase of a Firearm**

The Grand Jury charges that:

1. On or about October 7, 2021, in the Western District of North Carolina, the defendant, NATASHA RENEE GIBBS, in connection with the acquisition of a firearm, a Taurus Armas model G2C, 9mm pistol, from Blackstone Shooting Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that she was the actual buyer of the firearm and that she was not acquiring the firearm on behalf of someone else.

2. All in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT TWO

**False Statement During the Purchase of a Firearm**

The Grand Jury further charges that:

3. On or about October 9, 2023, in the Western District of North Carolina, the defendant, NATASHA RENEE GIBBS, in connection with the acquisition of a firearm, a Radical Firearms RF-15, 5.56 caliber assault rifle, from Blackstone Shooting Sports, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that she was the actual buyer of the firearm and that she was not acquiring the firearm on behalf of someone else.

4. All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT THREE

**Illegal Transfer of a Firearm**

The Grand Jury further charges that:

5. On or about or between October 9, 2023, and April 29, 2024, in the Western District of North Carolina, the defendant, NATASHA RENEE GIBBS, transferred and otherwise disposed of a firearm to another person, Terry Hughes, in or affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by Terry Hughes would constitute a felony, that is, an offense under Federal or State law punishable by imprisonment for a term exceeding 1 year.

6. All in violation of Title 18, United States Code, Sections 933(a) and 933(b).

## NOTICE OF FORFEITURE

1. Upon conviction of the felony offense alleged in this Indictment, the defendant shall forfeit to the United States any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

a. **Firearms**

1) Taurus Armas model G2C, 9 mm pistol, serial number ACK367331.
2) Radical Firearms model RF-15. 5.56 caliber, rifle, serial number 23-079699.
3) All ammunition, magazines, and accessories associated with these firearms.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this 15 day of September, 2026.

[redacted]

Grand Jury Foreperson

Randy Ramseyer
Special Attorney to the United States Attorney General
Acting under Authority Conferred by 28 U.S.C. § 515